IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § § vs. § § § § MYREON STROUD (13) § § § | CASE NO. 6:14-CR-25 |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On March 1, 2019, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Alan Jackson. Defendant was represented by Assistant Federal Defender Matt Millslagle.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine and Heroin, a Class C felony, Myreon Stroud ("Defendant") was sentenced on September 16, 2015 by United States District Judge Michael H. Schneider. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of III, was 30 to 37 months. Defendant was sentenced to 42 months of imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and testing and treatment for drug abuse.

Defendant completed his term of imprisonment and started his term of supervised release on May 30, 2018. Defendant's conditions were modified on July 3, 2018 to include the condition that Defendant reside in a community residential facility for a period of 180 days. The case was re-assigned to United States District Judge Jeremy Kernodle on February 28, 2019.

*Allegations*

In the petition seeking to revoke Defendant's supervised release, filed on August 15, 2018, United States Probation Officer Andrea Smith alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (standard condition 2): The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer**. It is alleged that on July 27, 2018, Defendant failed to report to the Tyler Supervision Office as instructed. It is also alleged that Defendant failed to submit a monthly supervision report as instructed for the months of June and July 2018.

2. **Allegation 2 (standard condition 5): The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.** It is alleged that Defendant has failed to work at a lawful occupation since his release from custody on May 30, 2018.

3. **Allegation 3 (standard condition 6): The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.** It is alleged that on July 26, 2018, Defendant was not residing at his approved residence and failed to notify the U.S. Probation Officer of his change in residence.

4. **Allegation 4 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that Defendant tested positive for methamphetamine on June 28, 2018 and July 10, 2018, and admitted to using marijuana on June 28, 2018.

5. **Allegation 5 (standard condition 9): The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer**. It is alleged that on July 11, 2018, Defendant was found to be associated with convicted felons Christine Carroll and Angela Deemer Walker.

**6. Allegation 6 (special condition): The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer**. It is alleged that Defendant failed to participate in treatment for drug abuse as directed by the U.S. Probation Officer on July 13, 2018 and July 18, 2018.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was III. The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 8 to 14 months of imprisonment. The remaining allegations in the petition are Grade C violations. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category was III, the guideline range for a Grade C violation is 5 to 11 months of imprisonment.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On March 1, 2019, Defendant appeared for a final revocation hearing. Assistant United States Attorney Alan Jackson announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 4 in the petition and to jointly request a sentence of 14 months of imprisonment, with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 4 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville or, alternatively, Ft. Worth, to facilitate family visitation.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 4 in the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 14 months of imprisonment, with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 4 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 14 months of imprisonment, with no further supervised release. Any criminal monetary penalties previously ordered in the final

judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville or, alternatively, Ft. Worth.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 14 months of imprisonment, with no further supervised release.

So ORDERED and SIGNED this 1st day of March, 2019.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE